IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BEASLEY,<br>　　　　　Plaintiff,<br>v.<br><br>JOHN WILEY & SONS, INC.<br>　　　　　Defendant | Case No. 1:12-cv-8715<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

This is an action for copyright infringement and related claims brought by Plaintiff, Michael Beasley ("Beasley"), the owner of copyrights to photographs at issue, against Defendant John Wiley & Sons, Inc. ("Wiley") for unauthorized uses of Beasley's photographs.

## PARTIES

1. Michael Beasley is the photographer who created the photographs depicted in Exhibit 1 ("Photographs") that were licensed for limited use by Wiley. He resides in Chicago, Illinois.

2. Wiley is a New York corporation with its principal place of business located in Hoboken, New Jersey. Wiley publishes and sells textbooks in the Northern District of Illinois, throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiff's photographs are unlawfully reproduced.

## JURISDICTION

3. This is an action for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") arising under copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 United States Code §§

1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

## VENUE

4. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a) because Defendant conducts substantial business within the state of Illinois; Defendant infringed Plaintiff's copyrights within the state of Illinois; and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiff's claims occurred in the state of Illinois.

5. The agreement related to the licensing and use of Beasley's Photographs require that disputes be resolved in courts located in Illinois.

## FACTS COMMON TO ALL COUNTS

6. Beasley is the owner of the copyrights to all of the attached Photographs in Exhibit 1.

7. The Photographs have been registered with the United States Copyright Office as set forth in Exhibit 1.

8. Wiley used the Photographs in various publications as set forth herein, initially obtaining the images from Odyssey Productions, Inc. ("Odyssey"), a stock photography agency licensing images on Beasley's behalf.

9. On or around December 19, 2005, in response to permission requests from Wiley, Odyssey sold Wiley a limited license to use copies of the Photographs in Frommer's *Chicago, Day by Day*, First Edition. The license granted Wiley was expressly limited to: (1) a maximum print run of 46,000 copies; (2) distribution of not more than ten percent of the copies to countries outside the United States; (3) a format of reproduction in print only, meaning the images could

not be reproduced on electronic media (*i.e.* eBooks) without Beasley's prior permission; (4) use in the first edition of Frommer's *Chicago, Day by Day* and not in subsequent editions or adaptations; (5) reproduction in the English language only; and (6) use of the Photographs for a six year period. *See* Exhibits 1 and 2.

10. The limited license was granted in response to Wiley's representations to Odyssey that its use of the Photographs would not exceed the limitations contained in Wiley's permission request. *See* Exhibit 2. Beasley has indicated his fraud allegations in rows 30-58 of Exhibit 1 with a checkmark in the "Fraud Claim" column. Exhibit 2 sets forth the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to Beasley's agent Odyssey.

11. At the time Wiley sought and secured a license to use the Photographs in the print version of Frommer's *Chicago, Day by Day*, Wiley knew it would be reproducing the Photographs in an electronic version of the publication. Wiley intentionally misrepresented the format in which the Photographs would be reproduced, intending that Odyssey would rely upon that misrepresentation to its detriment by charging a lower fee and to Wiley's gain by paying less than it would have paid if it had been honest.

12. Upon information and belief, Wiley exceeded the permitted uses under the terms of the limited license it was granted in the publication identified in Exhibits 1 and 2.

13. Upon information and belief, Wiley used certain Photographs without any permission in its publications, as identified in the "License Limits" column on Exhibit 1 as "NOT LICENSED".

14. When Wiley copied and distributed the Photographs without authorization, Wiley had a duty in equity and good conscience to disclose those uses. This is especially so because

3

Wiley knew precisely when its uses of the Photographs exceeded the applicable license limitations, but Beasley had no such knowledge nor any reason to assume Wiley was being deceitful in the uses it was making of the Photographs.

15. On August 30, 2012 Beasley asked Wiley to disclose its uses of the Photographs. Wiley did not provide the requested information.

### *Wiley's Pattern of Infringement*

16. Wiley's practice of requesting and paying for a license for limited uses, and then exceeding those licensed uses, extends beyond the publications in suit. While the lost licensing fee to any individual copyright holder is relatively small, Wiley has sold and distributed millions of its publications, generating billions in revenue. Wiley's business model, built on a foundation of pervasive and willful copyright infringement, deprived Beasley and thousands of other visual art licensors of their rightful compensation and unjustly enriched Wiley with outlandish profits in the process.

17. Numerous other photographers and stock photography agencies have brought actions against Wiley alleging copyright infringement claims nearly identical to those asserted by Plaintiff in this action. Wiley has been sued for copyright infringement in at least the following 13 actions:

    a. *John Wiley & Sons, Inc. v. Hiser*, No. 09-cv-04307 (S.D.N.Y);
    b. *Grant Heilman v. John Wiley & Sons, Inc.*, No. 11-cv-01655 (E.D. Pa.);
    c. *Visuals Unlimited, Inc. v. John Wiley & Sons, Inc.*, No. 11-cv-0415 (D.N.H.);
    d. *Degginger et al. v. John Wiley & Sons, Inc.,* No. 11-cv-06600 (E.D. Pa.);
    e. *Bean v. John Wiley & Sons, Inc.*, No. 12-cv-8001 (D. Ariz.);
    f. *DRK Photo v. John Wiley & Sons, Inc.*, No. 11-cv-8133 (D. Ariz.);
    g. *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-cv-01416 (S.D.N.Y.);
    h. *Frerck v. John Wiley & Sons, Inc.*, No. 11-cv-2727 (N.D. Ill.);

      i. *Cole v. John Wiley & Sons, Inc.*, No. 11-cv-02090 (S.D.N.Y.);

      j. *Warren v. John Wiley & Sons, Inc.*, No. 12-cv-05070 (S.D.N.Y);

      k. *Rubin v. John Wiley & Sons, Inc.*, No. 12-cv-05071 (S.D.N.Y);

      l. *Young-Wolff v. John Wiley & Sons, Inc.*, No. 12-cv-05230 (S.D.N.Y.);

      m. *Muench Photography, Inc*. v. *John Wiley & Sons, Inc.,* No. 12-cv-07502 (S.D.N.Y.).

18. Evidence submitted to the courts in the above actions demonstrate that Wiley has engaged in a systematic pattern of fraud and copyright infringement.

19. In *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-cv-1416 (S.D.N.Y.), on August 1, 2012 after a six day trial, a jury found Wiley liable for two counts of willful copyright infringement for engaging in the copyright infringement scheme described herein.

20. In *Bean v. John Wiley & Sons, Inc.,* No. CV 11–08028–PCT–FJM, 2012 WL 1078662 (March 30, 2012), Wiley was found liable for 108 counts of copyright infringement for engaging in the copyright infringement scheme described herein.

## *Violations of the Digital Millennium Copyright Act ("DMCA")*

21. Without license, permission or authorization, Wiley removed copyright management information ("CMI") from Photographs that Wiley has infringed as set forth in rows 30-58 and 86-112 of Exhibit 1.

22. When Odyssey delivered copies of the Photographs depicted in Exhibit 1 to Wiley, the Photographs contained CMI.

23. In removing the CMI, Wiley knew or had reasonable grounds to know that such actions would induce, enable, facilitate or conceal its copyright infringements.

24. All exhibits attached hereto are incorporated into this Complaint by this reference.

## COUNT I
## COPYRIGHT INFRINGEMENT

25. Beasley incorporates herein by this reference each and every allegation contained in the paragraphs above.

26. The foregoing acts of Wiley constitute infringements of Beasley's copyrights in the Photographs in violation of 17 U.S.C. § 501 *et seq*.

27. Beasley suffered damages as a result of Wiley's unauthorized use of the Photographs.

## COUNT II
## FRAUD

28. Beasley incorporates herein by this reference each and every allegation contained in the paragraphs above.

29. The foregoing acts of Wiley constitute common-law fraud with respect to the Photographs identified in rows 30-58 of Exhibit 1, also identified with a check mark in the "Fraud Claim" column.

30. Beasley suffered damages as a result of Wiley's fraud.

## COUNT III
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA")

31. Beasley incorporates herein by this reference each and every allegation contained in the paragraphs above.

32. The foregoing acts of Wiley, including Wiley's unauthorized, intentional removal of copyright management information from the Photographs which are reproduced in digital media as set forth in Exhibit 1 and which Wiley knew or had reasonable grounds to know that such actions would induce, enable, facilitate or conceal its copyright infringements constitute one or more violations of the DMCA 17 U.S.C. § 1202 *et. seq.*

33.     Plaintiff suffered damages as a result of Wiley's unauthorized removal of copyright management information from, and subsequent distribution of, Beasley's Photographs depicted in Exhibit 1.

WHEREFORE, Beasley requests the following:

1.      A permanent injunction against Defendant and anyone working in concert with it from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2.      As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3.      An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4.      An award of actual damages and profits attributable to each violation of the DMCA, or at Plaintiff's election, statutory damages, and attorney's fees and costs, as permitted under 17 U.S.C. § 1203.

5.      Punitive damages against Wiley.

6.      An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

7.      Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Beasley demands a trial by jury of all issues permitted by law.

DATED:  October 31, 2012

          s/ Christopher Seidman
          Christopher Seidman (CO BAR 7816)
          Harmon & Seidman LLC
          P.O. Box 3207
          Grand Junction, CO 81502
          Tel: (970) 245-9075
          Fax: (970) 245-8086
          Email: chris@harmonseidman.com

          Maurice Harmon (CO BAR 9419)
          Harmon & Seidman LLC
          The Pennsville School
          533 Walnut Drive
          Northampton, PA 18067
          Tel:  (610) 262-9288
          Fax:  (610) 262-9557
          maurice@harmonseidman.com

          E. Bryan Dunigan (IL BAR 0691356)
          The Law Offices of E. Bryan Dunigan
          221 N. LaSalle St., Suite 1454
          Chicago, IL 60601
          Tel: (312) 857-2114
          Fax: (312) 372-1733
          bdunigan@duniganlaw.com

          Alex Rice Kerr (CA BAR 264821)
          Harmon & Seidman LLC
          219 Vicksburg St.
          San Francisco, California  94114
          Telephone:  (970) 270-4718
          alex@harmonseidman.com