**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL BEASLEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 8715 |
| ) | |
| JOHN WILEY & SONS, INC., ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION**

On July 21, 2014, the court issued a memorandum opinion granting plaintiff Michael Beasley's motion for summary judgment of liability on Count I, plaintiff's claim for copyright infringement. The court also entered and continued the motion of defendant John Wiley & Sons, Inc. ("Wiley") for summary judgment on Counts II and III, plaintiff's claims for common-law fraud and violation of the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 1202 et seq. The court stated in pertinent part as follows:

> In response to Wiley's motion, Beasley states that he "does not oppose" Wiley's motion and "[i]nstead . . . asks that he be granted leave to withdraw" Counts II and III by way of an amended complaint that omits those claims. Wiley opposes this request, arguing that we should simply enter judgment because it would be unduly prejudiced if plaintiff were permitted to withdraw the claims. Wiley points out that it "expended significant resources to fully brief and submit its motion for summary judgment, which was direct[ed] solely to the DMCA and fraud claims." It also notes that a judgment in its favor on the DMCA claim would potentially entitle it to recover attorneys' fees. See 17 U.S.C. § 1203(a), (b)(5)

> ("In an action brought [for violation of 17 U.S.C. § 1201 or 1202], the court in its discretion may award reasonable attorney's fees to the prevailing party.").
> Any withdrawal or dismissal of Counts II and III will be with prejudice. We have no view as to whether fees should be awarded, but Wiley is entitled to request them. Therefore, we will not allow plaintiff to withdraw or dismiss Count III without considering whether the defendant is entitled to a fee award on that claim. The case will be set for a status hearing on July 30, 2014 at 11:00 a.m. to discuss how the parties wish to proceed on this issue.

Beasley v. John Wiley & Sons, Inc., --- F. Supp. 2d -----, No. 12 C 8715, 2014 WL 3600519, at *7-8 (N.D. Ill. July 21, 2014) (some citations omitted).

This court held a status hearing yesterday during which the parties reported that they have not substantively discussed resolving Counts II and III. Therefore, the court will rule on defendant's motion.

Count II alleges fraud in that when Wiley obtained its license to use plaintiff's photographs, it "intentionally misrepresented the format in which the [p]hotographs would be reproduced, intending that Odyssey would rely upon that misrepresentation to its detriment by charging a lower fee and to Wiley's gain by paying less than it would have paid if it had been honest." (Compl. ¶ 11.) Plaintiff alleges in Count III that Wiley violated the DMCA by intentionally removing copyright-management information from Beasley's photos in order to "induce, enable, facilitate or conceal its copyright infringements." (Compl. ¶ 32.) In response to Wiley's motion, Beasley has failed

to submit any evidence that would reasonably permit a jury to find that Wiley made any misrepresentations with respect to plaintiff's photographs or that Wiley intentionally removed copyright-management information from the photographs. Accordingly, the court enters summary judgment in Wiley's favor and against Beasley on Counts II and III.

Beasley's request for leave to amend his complaint to withdraw Counts II and III is denied. The court agrees with Wiley that allowing plaintiff to withdraw Counts II and III, even with prejudice, would unduly prejudice Wiley because it then would be unable to seek attorneys' fees as the prevailing party on the DMCA claim. Furthermore, plaintiff's request comes too late. See, e.g., Frerck v. John Wiley & Sons, Inc., No. 11 C 2727, 2014 WL 3512991, at *9 n.10 (N.D. Ill. July 14, 2014) (Dow, J.) (rejecting plaintiff's "attempt to deprive the defendant of a ruling on the summary judgment motion by his dismissal tactic" and explaining that "[a]llowing Plaintiff to withdraw his claims now--at the end of discovery and while Defendant's motion for summary judgment is pending--runs counter to the purpose of summary judgment and would unfairly prejudice Defendant.").

## **CONCLUSION**

Defendant's motion for summary judgment on Counts II and III [44] is granted. Summary judgment is hereby entered in favor of

defendant, John Wiley & Sons, Inc., and against plaintiff, Michael Beasley, on Counts II and III.

DATE:      September 9, 2014

ENTER:     _____
           Amy J. St. Eve, United States District Judge